IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50396
Summary Calendar
_____


ANSELMO MEDINA-REMIGIO,

                                        Petitioner-Appellant,

versus

DANIEL F. SOLIS, District Director of the U.S. Immigration &
Naturalization Service, San Antonio District; MARY ANN WYRSCH,
ACTING COMMISSIONER, Immigration & Naturalization Service; THE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

                                        Respondents-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-1182-FB
- - - - - - - - - - -
March 21, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Anselmo Medina-Remigio (Medina) appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of subject-matter jurisdiction. Medina argues that habeas corpus jurisdiction was proper in the district court. He also argues the merits of his petition.

Medina was held to be removable based on his conviction for transporting an undocumented alien within the United States in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of 8 U.S.C. § 1324(a)(1)(A)(ii).  Although that offense would not have been an "aggravated felony" under the Immigration and Nationality Act (INA) when Medina committed the crime and pleaded guilty, it became an "aggravated felony" under the INA as amended in 1996 by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA).  See 8 U.S.C. § 1101(a)(43)(N).  The IIRIRA eliminates § 2241 habeas corpus jurisdiction for aliens removable for having committed aggravated felonies without regard to the date of commission.  8 U.S.C. § 1252(a)(2)(C); Max-George v. Reno, 205 F.3d 194, 199 (5th Cir.), petition for cert. filed, (U.S. Aug. 23, 2000) (No. 00-6280).  Because Medina is an alien whose removal is based on the commission of an aggravated felony within 8 U.S.C. § 1252(a)(2)(C), the district court lacked subject-matter jurisdiction to consider his petition.

Medina has also filed a motion to stay the appeal pending the Supreme Court's decisions in St. Cyr v. INS, 229 F.3d 406 (2d Cir. 2000), cert. granted, 121 S. Ct. 848 (2001); and Calcano-Martinez v. INS, 232 F.3d 328 (2d Cir. 2000), cert. granted, 121 S. Ct. 849 (2001).  The grant of certiorari in those two cases does not vacate this circuit's precedent.  See Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986).

Accordingly, the district court's judgment of dismissal is AFFIRMED; the motion for a stay is DENIED.